UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LUTHER ARTHUR HORN, III,

      Plaintiff,

v.                                    Case No. 3:24cv239-TKW-HTC

JOSHUA A. MITCHELL, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Luther Arthur Horn, III, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983 alleging his constitutional rights were violated during his state criminal proceedings from 2012 to 2015. Doc. 8. After reviewing the amended complaint, the undersigned concludes this case should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) because: (1) Horn's claims are barred by the statute of limitations and *Heck*[1]; and (2) the Defendants are either immune from suit or not state actors for purposes of § 1983.

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

## I.    Background

Horn sues five Defendants: (1) Assistant State Attorney Joshua Mitchell; (2) Public Defender Ryan Mynard; (3) Public Defender Gillis Powell; (4) Public Defender Brad Steward; and (5) Florida Department of Law Enforcement ("FDLE") chemist Michelle Depaola.  Horn's amended complaint relates to two of his criminal cases in Walton County Circuit Court—Case No. 2012 CF 372 and Case No. 2013 CF 278—which resulted in convictions for possession of a firearm by a convicted felon and distributing drugs.[2]  He alleges: (1) a key witness/confidential informant used by the State was mentally unstable; (2) "bad search warrants" were used to gather evidence; (3) his speedy trial rights were violated; (4) an FDLE chemist named Joseph Wayne Graves "got into Horn's medication" and "stole/tainted" it; (5) a "pre-search video" was actually taken after the search was executed; (6) the State withheld certain evidence; (7) his lawyers provided inadequate representation; (8) the prosecutor, Defendant Mitchell, manufactured inculpatory evidence; and (9) Defendant Depaola gave perjured testimony regarding whether Graves was involved with Horn's case.

Based on the foregoing, Horn raises a variety of constitutional claims.  As relief, he seeks damages.

---

[2] *See* Walton County Online Court Records, Case Nos. 2012 CF 372 and 2013 CF 278; https://www.civitekflorida.com/ocrs/app/search.xhtml.

## II.    Legal Standard

Because Horn is a prisoner proceeding *in forma pauperis*, the Court must dismiss his complaint, or any portion thereof, if it determines it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).   To state a claim, Horn must plead factual content which allows the Court to draw the reasonable inference Defendants are liable for the misconduct alleged.   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   The Court must liberally construe Horn's *pro se* allegations, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but conclusory allegations and legal conclusions couched as factual allegations are not entitled to a presumption of truth.   *Iqbal*, 556 U.S. at 681; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## III.    Discussion

### A.    Statute of Limitations

As an initial matter, it is apparent from the face of the amended complaint that Horn's claims are barred by the statute of limitations.   His amended complaint concerns events that happened during his state criminal proceedings between 2012 and 2015, and his allegations indicate he was aware of the Defendant's alleged misconduct at the time it occurred.   *See, e.g.*, Doc. 8 at 11 (alleging Horn's public defenders "knew what Josh Mitchell did because Horn told them over and over when

he saw them"); *id.* at 11-12 (alleging Depaola gave perjured testimony regarding Graves in Case No. 2013 CF 278).  Because Horn filed this case on May 23, 2024—more than eight years after his convictions in Case Nos. 2012 CF 372 and 2013 CF 278—Florida's four-year statute of limitations bars his claims.  *See City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years.").  Thus, all his claims should be dismissed with prejudice.

### B.    *Heck v. Humphrey*

As an additional and independent basis for dismissal, Horn's claims are barred by *Heck v. Humphrey*.  In *Heck*, the Supreme Court held:

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. 477, 486-87 (1994).  Thus, a plaintiff may not "bring a claim for damages under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.'"  *Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (quoting *Heck*, 512 U.S. at 487); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief),

no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

Here, Horn's claim that Mitchell used fabricated evidence and perjured testimony to secure his convictions necessarily implies those convictions are invalid. *See McDonough v. Smith*, 588 U.S. 109, 116-17 (2019) (plaintiff "could not bring his fabricated-evidence claim under § 1983 prior to favorable termination of his prosecution"); *Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) (holding prisoner's claim that "prosecution and defense conspired to commit fraud in order to wrongfully convict her of murder … necessarily implies the invalidity of her conviction"); *Baker v. City of Hollywood*, 391 F. App'x 819, 821 (11th Cir. 2010) (allegations that defendants conspired to falsify evidence, deny plaintiff effective assistance of counsel, testify falsely at trial, and improperly prosecute plaintiff despite knowledge of exculpatory evidence were barred by *Heck*).

Likewise, claims that the State withheld exculpatory evidence or that Horn's speedy trial rights were violated are *Heck*-barred.[3]  *See Heck*, 512 U.S. at 479, 490

---

[3] Although Horn also alleges the affidavit supporting one of the search warrants was changed, Doc. 8 at 17, he does not describe what the changes were or how Mitchell was responsible for the changes, and he does not allege the relevant searches were not supported by probable cause. Furthermore, an allegation that the search was unconstitutional necessarily implies the invalidity of Horn's conviction, to the extent that search led to the discovery of the firearm he was subsequently convicted of possessing. *See Baxter v. Crawford*, 233 F. App'x 912, 916 (11th Cir. 2007) (finding Fourth Amendment claim *Heck*-barred where cocaine found in plaintiff's residence

(finding § 1983 action alleging prosecutors and investigator knowingly destroyed exculpatory evidence was barred because it constituted challenge to legality of still outstanding conviction); *Griffin v. Baltimore Police Dep't*, 804 F.3d 692, 695 (4th Cir. 2015) (a § 1983 action based on *Brady* claims may not proceed around the *Heck* bar); *Koger v. Florida*, 130 F. App'x 327, 333 (11th Cir. 2005) ("A judgment in Koger's favor in his speedy-trial claim would 'necessarily imply the invalidity of his conviction.'").

Indeed, Horn's amended complaint is filled with allegations indicating the Defendants' conduct casts doubt on the validity of his convictions. *See* Doc. 8 at 11 (alleging "if any of the [Defendants] would [have] done the right thing I would not [have] been found guilty or not even had to have a trial"); *id.* at 13 (alleging if his public defenders provided better representation he "never would [have] lost a case at trial"); *id.* at 14 (alleging "Horn would not [have] served all this time if … Mitchell hadn't manufactured all the evidence he did"); *id.* at 15 (alleging if Depaola had not committed perjury he "would not have been found guilty at trial"); *id.* at 17 (alleging Mitchell's actions "cost [Horn] twelve (12) years of [his] life and [he is] still in prison"). And the relief requested section of the amended complaint suggests Horn wants compensation for the time he has spent in custody. *See id.* at 18 (indicating it

---

would not have been discovered without the execution of a search warrant plaintiff claimed contained stale and false information).

will "be hard to put a price on [the] time [he] can't get back" due to his incarceration). Based on the foregoing, Horn's claims are subject to dismissal because they are barred by *Heck*.

### C.    Prosecutorial Immunity

Horn alleges Assistant State Attorney Mitchell engaged in variety of misconduct during his criminal trials, including presenting false statements and evidence and violating his speedy trial rights.  However, Horn's claims against Mitchell are also barred by prosecutorial immunity.

"'A prosecutor is entitled to absolute immunity for all actions he takes while performing his functions as an advocate for the government' in the judicial phase of the criminal process." *Hoffman v. Office of State Attorney, Fourth Judicial Circuit*, 793 F. App'x 945, 950 (11th Cir. 2019) (quoting *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004)).  Prosecutorial immunity applies to a prosecutor's actions in initiating a prosecution and presenting the State's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  Prosecutors are "immune for malicious prosecution" and "have absolute immunity when filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions." *Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (cleaned up).

Here, Horn's allegations against Mitchell relate to actions he took as an advocate for the government during the judicial phase of the criminal process; thus, prosecutorial immunity provides an independent basis for dismissal of the claims against him. *See Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, at 1279-80 (11th Cir. 2002) (holding "even if [prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so").

### D.    Witness Immunity

Horn seeks to hold Defendant Depaola liable for offering perjured testimony about whether FDLE chemist Graves handled the evidence used against Horn. However, witnesses, including law enforcement officials, have absolute immunity for their testimony at trial. *See Jones v. Cannon*, 174 F.3d 1271, 1281, 1286 (11th Cir. 1999) (holding detectives were "absolutely immune from a § 1983 civil damages action for their testimony as witnesses during Jones's criminal trial and during pre-trial depositions"). Thus, Depaola is immune from suit.

### E.    Public Defenders

Horn complains about the representation Defendants Mynard, Powell, and Steward provided during his criminal proceedings, particularly what motions they chose to litigate. However, Horn fails to state a claim against these Defendants because public defenders are not state actors for purposes of § 1983. *See Polk Cnty.*

*v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").  Although "a public defender may be liable under § 1983 if he … conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law," *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015) (citation omitted), conclusory allegations of such a conspiracy are insufficient to state a claim, *see Kearson v. S. Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) ("In civil rights and conspiracy actions, conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint.") (citation omitted).

Here, Horn makes the conclusory assertion that his lawyers must have conspired with the prosecutor.  *See* Doc. 8 at 12 (suggesting the "only" possible explanation for Defendants Steward and Powell's failure to challenge the validity of the "bogus bill of sale" is that they were "bought and paid for by" the prosecutor).  However, his amended complaint contains no factual allegations to support that assertion; thus, the claims against the public defenders are also subject to dismissal because they did not act under color of state law.  *See Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (concluding plaintiff "failed to sufficiently allege a conspiracy" between public defender and state officials because "he alleged no facts supporting an inference of such a conspiracy other than the allegedly inadequate

representation"); *Grider v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2013) (plaintiff alleging public defenders conspired with state officials to embarrass and harass him could not state a claim because he "provided nothing more than a 'general conclusory allegation of conspiracy'").

## IV.    Conclusion

Horn's amended complaint fails to state a viable claim under § 1983.  In addition, because Horn's claims are time-barred, the Defendants are not subject to suit under § 1983, and his allegations would undermine the validity of his outstanding criminal convictions, he could not amend the complaint to state a viable claim.  Thus, giving Horn an opportunity to amend would be futile, and this case should be dismissed with prejudice.  *See Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend his complaint, a district judge need not allow an amendment where amendment would be futile.") (citation omitted).

Accordingly, it is RECOMMENDED:

1.    That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to Horn's failure to state a claim on which relief may be granted.

2.    That the clerk close the file.

At Pensacola, Florida, this 28th day of August, 2024.

/s/ Hope Thai Cannon

**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.